**BISHOP'S PHARMACY, Inc., v. PECAN KRISP CO., Inc.**

No. 11338.

Court of Civil Appeals of Texas. Dallas.

Oct. 8, 1932.

Rehearing Denied Nov. 5, 1932.

Hamilton & Hamilton and J. G. Turner, all of Dallas, for appellant.

Allen & Allen and E. G. Moseley, all of Dallas, for appellee.

JONES, C. J.

Appellee, the Pecan Krisp Company, Incorporated, instituted this suit in a district court of Dallas county against appellant, Bishop's Pharmacy, Incorporated, to restrain appellant from selling to the public an ice cream in substitution of Pecan Krisp ice cream. A temporary injunction was issued by the trial court, granting the temporary relief, and appellant has duly perfected its appeal from such interlocutory order. The facts are as follows:

Tom Anagnos is appellee's president and manager, and virtually its sole owner. Previous to organizing the corporation known as the Pecan Krisp Company, Inc., Anagnos perfected a syrup or ingredient for the making of ice cream, which was given the name of Pecan Krisp, pecan nuts being one of its ingredients, and the ice cream which uses such ingredient carries the name of Pecan Krisp ice cream. The business of manufacturing this syrup was transferred to the corporation. This syrup or flavoring is made from a secret formula. "Pecan Krisp," as a trade-mark, was duly registered in the Patent Office at Washington, D. C., and also in the county clerk's office of Dallas county. Appellee furnishes its ingredients only to the manufacturers of ice cream, and does not itself manufacture ice cream. Appellee largely advertised its product in newspapers, over the radio, and in motion picture shows of the city of Dallas, and the ice cream known as Pecan Krisp became and is a popular product. Any retail dealer could purchase such ice cream from the manufacturer. There are quite a number of other ice cream ingredients containing the name pecan, but each differs from the others in its flavor.

Appellant operates a drug store in the Oak Cliff section of the city of Dallas, and in connection therewith operates a soda fountain and confectionery. Various kinds of ice cream are sold by it to the retail trade of the city of Dallas, and adjacent territory. Prior to the controversy between the parties, appellant had sold Pecan Krisp ice cream, manufactured by a dealer authorized to use appellee's flavoring compound. Some three or four months prior to the institution of this suit, appellant had ceased to purchase Pecan Krisp ice cream from such dealer, but manufactured its own ice cream, using a pecan syrup and giving it the name of Pecan ice cream, and serving it to the public.

Appellee, in its petition, alleges that appellant is guilty of unfair competition, in that it sells its Pecan ice cream to its customers as Pecan Krisp ice cream, and when a customer calls for Pecan Krisp ice cream, it substitutes its Pecan ice cream, without the knowledge of the customer that the substitution is being made. The allegations in the petition in this respect are full and complete, and state a cause of action for the equitable relief prayed for.

Appellant, in its answer, directs a great many special exceptions to appellee's petition, which we do not find necessary, for a disposition of this case, to pass upon. This answer denies specifically all of the allegations tending to show it is guilty of unfair competition, specifically pleading that it never has at any time sold or authorized any of its employees to sell its product under the representation that it is Pecan Krisp ice cream; that it has not substituted, nor authorized any of its employees to substitute, any character of ice cream for a customer who calls for Pecan Krisp ice cream. This answer is likewise full and complete in its defensive allegations. Both the pleading of appellee and appellant are properly verified.

The hearing for a temporary writ of injunction was had after due notice of same was served on appellant, and appellant was present and offered evidence at such hearing. After the hearing, the court entered its order awarding appellee the temporary writ of injunction above described. Appellee attempted to sustain its allegations of unfair competition by evidence to the effect that after appellant had ceased its purchase of Pecan Krisp ice cream from the manufacturer of such product, there was made at appellee's drug store, to two different customers, a sale of a dish of ice cream represented to each to be Pecan Krisp ice cream that was not such product, though each customer had called for Pecan Krisp ice cream. Each of these sales was made by an employee of appellant who was operating the soda fountain in appellant's drug store.

Appellant attempted to sustain its defense by evidence to the effect that, when it had ceased to handle Pecan Krisp ice cream, and placed on the market its own product of Pecan ice cream, E. D. Bishop, appellant's secretary-treasurer and manager, directed each employee to inform any customer who called for Pecan Krisp ice cream that it did not handle such product; that again, after Anagnos had lodged a complaint with Mr. Bishop, he again gave similar instructions to all of his employees. Each employee, who sold ice cream during the period of time it is alleged by appellant's witnesses that the two substitutions were made, denied having made any such substitution. Bishop also testified that the conduct of appellant in this respect, in the future, would be to prevent the making of any substitution on a call for Pecan Krisp ice cream by any customer.

■ The trial court having granted the temporary writ of injunction, it must be concluded that the court found as a fact that the two substitutions of appellant's Pecan ice cream for Pecan Krisp ice cream had been made by appellant's employees. The specific question then to be determined by this court is whether this fact is a sufficient basis for the legal conclusion that appellant is guilty of knowingly and willfully substituting its Pecan ice cream for Pecan Krisp ice cream. We recognize it as a sound legal proposition that "unfair competition may consist in the substitution by a dealer of his own or another's goods in the place of those

called for by the purchaser, where the substitution is made without the latter's permission." 26 R. C. L. § 68, p. 892.

■ It is contended by appellant that, as appellee only offers for sale its syrup to the manufacturer of ice cream, there can be no competition between such product and appellant's Pecan ice cream. The one is sold to the manufacturer for flavoring the finished product; the other is sold to the customer for his consumption; that if the substitution of appellant's Pecan ice cream for Pecan Krisp ice cream be unfair competition, then the manufacturer of Pecan Krisp ice cream is the one damaged thereby and should be the complaining party, and not the maker of the syrup that entered into it. This contention we cannot allow, for the reason that the distinguishing feature of the two ice creams is the flavoring substance, and appellee has such an interest in the ice cream manufactured with his syrup as the flavoring substance, that he would suffer damages by reason of any unfair competition against the ice cream of which his syrup is the distinguishing feature.

■■ We are of the opinion, however, that appellee's evidence does not form a sufficient basis for the granting of a temporary writ of injunction. Before such writ can be granted against appellant, the evidence must show that it willfully and knowingly made substitutions of another kind of ice cream for Pecan Krisp ice cream. The proof offered falls short of this requirement, in that it fails completely to show that the two substitutions proven were made within the knowledge of any officer of appellant, or of any employee authorized to act for appellant, and the evidence affirmatively shows that such substitutions were made against the specific instructions of appellant's manager. The two isolated substitutions are not sufficient to charge appellant with knowledge that its employees were making the alleged substitutions to customers. The evidence further affirmatively shows that appellant will, in the future, guard against the possibility of any such substitutions being made.

Then again, we are of the opinion that, before appellant can be found guilty of knowingly and willfully substituting to a customer its Pecan ice cream for Pecan Krisp ice cream desired by a customer, it must reasonably appear that the substitution was made under such a condition that would show the intention of appellant to adopt a course of dealing with its customers of substituting its Pecan ice cream for Pecan Krisp ice cream. To our minds, the proof offered fails to raise such an issue of fact. The question of unfair competition is fully discussed by this court in the case of Dixiepig Corp.

v. Pig Stand Co., 31 S.W.(2d) 325, in a very elaborate opinion by Associate Justice Vaughan. The principles announced in that case, we cite as authority for the holding in this case.

It necessarily follows that, in the opinion of this court, the judgment of the lower court should be reversed, and the temporary writ of injunction dissolved; and it is so ordered.

Reversed, and injunction dissolved.